# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered Under<br>Case No. 17-30673 (MER) |
| Gander Mountain Company,<br>Overton's, Inc., | Case No. 17-30673<br>Case No. 17-30675 |
| Debtors. | Chapter 11 Cases |

### NOTICE OF CONFIRMATION AND EFFECTIVE DATE OF DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION DATED OCTOBER 31, 2017

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**I.    CONFIRMATION OF PLAN.**

On January 26, 2018, the United States Bankruptcy Court for the District of Minnesota entered an Order [Docket No. 1572] confirming the Debtors' and Official Committee of Unsecured Creditors' Joint Chapter 11 Plan of Liquidation Dated October 31, 2017.

**II.   EFFECTIVE DATE OF PLAN.**

The Effective Date[1] of the Plan occurred on February 8, 2018.

**III.  ADMINISTRATIVE CLAIM BAR DATE.**

The Administrative Claim Bar Date is first Business Day that is thirty days after the Effective Date (**March 12, 2018**).  Pursuant to Section II(A)(1) of the Plan, the holder of an Administrative Claim, other than claimants asserting a Claim arising under section 2-702(2) of the Uniform Commercial Code and section 546(c) and/or section 503(b)(9) of the Bankruptcy Code (which must have been submitted by the Twenty Day Claim Bar Date in accordance with the Twenty Day Claims Order), must file and serve on the Liquidating Trustee a request for payment of such Administrative Claim so that it is received no later than the Administrative Claim Bar Date pursuant to the procedures specified in the Confirmation Order. All such requests shall be made by filing and serving a proof of claim form substantially in the form of official form 410. Holders required to file and serve, who fail to file and serve, a request for payment of Administrative Claim by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtors and their property, and such Administrative Claim shall be deemed discharged as of the Effective Date. Nothing in the Plan alters, extends, or modifies Twenty Day Claim Bar Date, as established by the Twenty Day Claim Bar Date Order.

---

[1] All capitalized terms have the same meaning ascribed to them in the Debtors' and Official Committee of Unsecured Creditors' Joint Chapter 11 Plan of Liquidation Dated October 31, 2017 [Docket No. 1359].

### IV. CLAIMS OBJECTION BAR DATE.

The Claims Objection Bar Date is 120 days after the Effective Date (**July 10, 2018**). Pursuant to Section VI(B) of the Plan, all objections to Disputed Claims shall be filed no later than the Claims Objection Bar Date, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, with notice only to those parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

### V. PROFESSIONAL COMPENSATION AND REIMBURSEMENT CLAIM DEADLINE.

The deadline for submission of all applications for awards of compensation or reimbursement of expenses for legal, financial advisory, accounting, liquidation, and other professional services shall be 60 days after the Effective Date (**April 11, 2018**). Pursuant to Section II(C) of the Plan, any Professional or other Person or Entity that is required to file and serve a request for approval of Accrued Professional Compensation and fails to timely file and serve such request on or before such date shall be forever barred, estopped, and enjoined from asserting such request or participating in Distributions under the Plan on account thereof.

### VI. COPIES OF THE PLAN AND RELATED DOCUMENTS.

Copies of the Plan, the Confirmation Order, and related materials may be obtained (a) from the Debtors' case information website at **www.donlinrecano.com/Clients/gmc/Index**, (b) by accessing the Bankruptcy Court's electronic case filing system at www.ecf.mnb.uscourts.gov (a PACER login and password are required to access documents on the Bankruptcy Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov); or (c) by requesting a copy in person from the Clerk of the Bankruptcy Court.

### VII. LIQUIDATING TRUSTEE.

META Advisors LLC is appointed to serve as the initial Liquidating Trustee. Pursuant to Section XI(J) of the Plan, any pleading, notice or other document required by the Plan to be served on or delivered to the Debtors shall be sent by first class U.S. mail, postage prepaid, to the Debtors and the Liquidating Trust Advisory Committee as set forth therein, and to the Liquidating Trustee as follows:

|  | *counsel to the Liquidating Trustee*: |
|---|---|
| META Advisors LLC<br>Attn: James S. Carr, Dana P. Kane<br>and James D. Hunt<br>101 Park Avenue, 30th Floor<br>New York, New York 10178<br>Telephone: (212) 808-5105<br>Facsimile: (646) 219-5196<br>Email: jhunt@metaadvisorsllc.com | Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 262-6700<br>Facsimile: (212) 262-7402<br>Email: jcohen@lowenstein.com<br>        kwaldron@lowenstein.com |