**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Jointly Administered Under Case No. 17-30673 (MER) |
| Gander Mountain Company, Overton's, Inc. | Case No. 17-30673 Case No. 17-30675 |
| Debtors. | Chapter 11 Cases |

**NOTICE OF HEARING AND LIQUIDATING TRUSTEE'S**
**FOURTH OMNIBUS MOTION OBJECTING TO**
**AMENDED CLAIMS OF CERTAIN GOVERNMENT ENTITIES**

TO:    The entities specified in Local Rule 3007-1.  **Recipients should review Paragraph 12 to locate their names and Claims addressed by this Motion.**

1.      The Gander Mountain Liquidating Trust ("Trust") and META Advisors LLC, in its capacity as the liquidating trustee ("Liquidating Trustee") of the Trust, by and through its undersigned counsel, moves the Court ("Motion") for the relief requested below and entry of an order substantially in the form submitted herewith ("Proposed Order"), disallowing amended claims, and gives notice of a hearing.

2.      The Court will hold a hearing on this Motion at 10:30 a.m. on Wednesday, January 9, 2019, in Courtroom 7 West, United States Courthouse, 300 South Fourth Street, Minneapolis,  MN, 55415.

3.      Any response to this Motion must be filed and served no later than Friday, January, 4, 2019, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**   In the event a response is timely filed, and the Court determines there are facts in

dispute which require an evidentiary hearing, the Liquidating Trustee requests that the Court treat the hearing scheduled above as a scheduling conference for purposes of setting the matter for evidentiary hearing.

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  This is a core proceeding.

5.      This Motion arises under 11 U.S.C. §§ 502, 503 and 507, and is filed under Fed. R. Bankr. P. 3007 and Local Rules 3007-1 and 9013-1 through 9013-3.

## PROCEDURAL BACKGROUND

6.      The petitions commencing these Chapter 11 cases were filed by the above-captioned debtors ("Debtors") on March 10, 2017 ("Petition Date").

7.      On March 21, 2017, the Court filed a Notice of Chapter 11 Bankruptcy Cases which, among other things, established July 17, 2017 as the deadline by which creditors, including governmental units, must file proofs of claim.

8.      On April 12, 2017, the Debtors filed a consolidated set of schedules of assets and liabilities and statement of financial affairs ("Schedules"), setting forth the consolidated assets and liabilities of the Debtors.  Additionally, in the ordinary course of business, the Debtors maintained books and records that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

9.      On January 26, 2018, the Court entered an order ("Confirmation Order") confirming the *Debtors' and Official Committee of Unsecured Creditors' Joint Plan of Liquidation dated October 31, 2017* ("Plan").  The effective date of the Plan occurred on February 8, 2018 ("Effective Date").

2

10.    As set forth in paragraphs 22 through 25 of the Confirmation Order and Article IV.A of the Plan, the estates of the Debtors were substantively consolidated for the purposes of confirming and consummating the Plan, including, but not limited to, making distributions in accordance with the terms of the Plan.  Specifically, the Plan provides, inter alia, that on and after the Effective Date (i) all assets and liabilities of the Debtors are treated as though they are pooled, (ii) each Claim filed or to be filed against either Debtor, as to which both Debtors are co-liable as a legal or contractual matter, is deemed filed as a single Claim against, and single obligation of, the Debtors, (iii) all guarantees of any Debtor of the obligations of the other Debtor are eliminated so that any Claim against any Debtor and any Claim based upon a guarantee thereof executed by the other Debtor is treated as one Claim against the substantively consolidated Debtors, and (iv) any joint or several liability of any of the Debtors is one obligation of the substantively consolidated Debtors and any Claims based upon such joint or several liability is treated as one Claim against the substantively consolidated Debtors.

11.    The Plan established the Trust for the purpose of, among other things, collecting and administering all of the Debtors' assets.  The Plan appointed the Liquidating Trustee to administer the Liquidating Trust and to act as the representative of the estate within the meaning of 11 U.S.C. § 1123(b)(3)(B).  The Plan grants the Liquidating Trustee the authority to address and resolve issues involving objections, reconciliation, and allowance of Claims[1] and Equity Interests[2] in accordance with the Plan.

---

[1] "'Claim' means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,  undisputed, legal equitable, secured, or unsecured; . . . (c) or any other claim, as such term is defined in section 101(5) of the Bankruptcy Code."  Plan, Article I.A.14, 3.
[2] "'Equity Interest' means any equity interest in a Debtor that existed immediately prior to the Petition Date." Plan, Article I.A.40, 5.

12.    The following Claims identified in the column "Disallowed Claim No." (the "Amended Claims"), aggregating approximately $15.8 million, have been amended and superseded by subsequently filed proofs of claim:

| Claimant Name | Remaining Claim No. | Remaining Claim Amount | Remaining Claim Classification | Disallowed Claim No. | Disallowed Claim Amount | Disallowed Claim Classification |
|---|---|---|---|---|---|---|
| AL- DEPT OF REVENUE | 178.2 | $53.14 | Priority | 178.1 | $53.14 | Priority |
| CO- DEPT OF REVENUE | 134.2 | $4,353.00 | Priority | 134.1 | $5,560.00 | Priority |
| CO – DOUGLAS COUNTY TREASURER | 391.2 | $9,032.57 | Secured | 391.1 | $9,483.86 | Secured |
| FL- ESCAMBIA COUNTY TAX COLLECTOR | 331.2 | $14,294.53 | Secured | 331.1 | $19,177.36 | Secured |
| GA- COLUMBIA COUNTY TAX COMMISSIONERS OFFICE | 15358.2 | $40,559.03 | Priority | 15358.1 | $39,107.18 | Priority |
| GA- COWETA COUNTY | 174.2 | $85,225.23 | Priority | 174.1 | $43,586.51 | Priority |
| MN- DEPT OF REVENUE | 15471.2 | $272,910.06 | Priority | 15471.1 | $369,565.48 | Priority |
| NC- IREDELL COUNTY TAX COLLECTOR | 247.2 | $14,302.52 | Secured | 247.1 | $16,548.78 | Secured |
| NY- DEPT OF TAXATION AND FINANCE | 512.3 | $4,015,483.30 | Priority | 512.2 | $3,259,857.24 | Priority |
| NY – DEPT OF TAXATION AND FINANCE | 512.3 | $4,015,483.30 | Priority | 512.1 | $3,259,855.58 | Priority |
| OH- BUREAU OF WORKERS COMPENSATION | 529.2 | $34,226.81 | Priority | 529.1 | $32,015.16 | Priority |
| PA- DEPT OF REVENUE | 121.4 | $1,781,513.89 | Priority | 121.3 | $2,033,931.27 | Priority |
| PA- DEPT OF REVENUE | 121.4 | $1,781,513.89 | Priority | 121.2 | $633,931.27 | Priority |
| PA- DEPT OF REVENUE | 121.4 | $1,781,513.89 | Priority | 121.1 | $233,931.27 | Priority |
| TX- BEXAR COUNTY | 193.3 | $124,395.98 | Secured | 193.2 | $96,996.79 | Secured |
| TX- BEXAR COUNTY | 193.3 | $124,395.98 | Secured | 193.1 | $236,780.24 | Secured |
| TX- BOWIE CENTRAL APPRAISAL DISTRICT | 55.2 | $258,090.72 | Secured | 55.1 | $417,633.08 | Secured |
| TX- CITY OF EL PASO | 185.3 | $144,141.45 | Secured | 185.2 | $95,321.37 | Secured |
| TX- CITY OF EL PASO | 185.3 | $144,141.45 | Secured | 185.1 | $240,217.75 | Secured |
| TX- CITY OF WACO OR WACO ISD | 58.3 | $81,255.25 | Secured | 58.1 | $199,710.58 | Secured |
| TX – COMPTROLLER OF PUBLIC ACCOUNTS | 20987.2 | $231,424.68 | Priority | 20987.1 | $441,367.51 | Priority |
| TX – COMPTROLLER OF PUBLIC ACCOUNTS | 468.2 | $425,180.86 | Priority | 468.1 | $691,773.32 | Priority |
| TX- CYPRESS FAIRBANKS ISD | 144.3 | $107,687.62 | Secured | 144.2 | $82,370.12 | Secured |
| TX- CYPRESS FAIRBANKS ISD | 144.3 | $107,687.62 | Secured | 144.1 | $208,291.91 | Secured |
| TX- DALLAS COUNTY | 190.2 | 24,456.46 | Secured | 190.1 | $46,429.29 | Secured |
| TX- FORT BEND CO LID #10 | 179.3 | $32,802.62 | Secured | 179.2 | $25,253.12 | Secured |
| TX- FORT BEND CO LID #10 | 179.3 | $32,802.62 | Secured | 179.1 | $52,779.02 | Secured |
| TX- FORT BEND CO | 186.3 | $103,478.93 | Secured | 186.2 | $70,192.60 | Secured |
| TX- FORT BEND CO | 186.3 | $103,478.93 | Secured | 186.1 | $178,939.73 | Secured |
| TX- GRAYSON COUNTY | 197.2 | $117,297.59 | Secured | 197.1 | $199,369.19 | Secured |
| TX- HARRIS COUNTY ET AL | 187.4 | $161,322.22 | Secured | 187.3 | $154,772.56 | Secured |
| TX- HARRIS COUNTY ET AL | 187.4 | $161,322.22 | Secured | 187.2 | $372,354.09 | Secured |
| TX- HARRIS COUNTY ET AL | 187.4 | $161,322.22 | Secured | 187.1 | $372,335.55 | Secured |
| TX- LEWISVILLE ISD | 303.2 | $80,563.55 | Secured | 303.1 | $126,409.78 | Secured |
| TX- LUBBOCK CENTRAL APPRAISAL DIST | 9.2 | $105,563.09 | Secured | 9.1 | $222,986.31 | Secured |
| TX- MCLENNAN COUNTY | 302.2 | $24,369.18 | Secured | 302.1 | $60,424.26 | Secured |
| TX- SMITH COUNTY | 192.2 | $69,278.02 | Secured | 192.1 | $144,788.01 | Secured |
| TX- TARRANT COUNTY | 191.2 | $178,511.60 | Secured | 191.1 | 355,400.38 | Secured |
| TX- TAXING DISTRICT COLLECTED BY POTTER CTY | 189.2 | $22,457.33 | Secured | 189.1 | $49,737.79 | Secured |
| TX- TAXING DISTRICT COLLECTED BY RANDALL CTY | 53.2 | $41,065.16 | Secured | 53.1 | $92,905.06 | Secured |
| TX- TRAVIS COUNTY | 14386.2 | $216,724.89 | Secured | 14386.1 | $208,495.95 | Secured |
| VA- COUNTY OF ALBEMARLE | 403.2 | $6,398.18 | Priority | 403.1 | $6,340.06 | Priority |

4

| VA- PRINCE WILLIAM COUNTY | 18156.2 | $35,562.12 | Priority | 18156.1 | $40,323.12 | Priority |
| WI – DEPT OF REVENUE | 20733.2 | $131,111.68 | Priority | 20733.1 | $393,748.36 | Priority |

13.      By this Motion, the Liquidating Trustee (1) objects to the allowance of the Amended Claims and (2) requests entry of an order substantially in the form of the Proposed Order disallowing and expunging the Amended Claims.

## GROUNDS FOR OBJECTION

14.      The Liquidating Trustee objects to each of the Amended Claims, listed above in Paragraph 12, as amended and superseded by subsequently filed proofs of claim.  The Liquidating Trustee has reviewed the Amended Claims and has determined that the Claims listed under the column titled "Disallowed Claim No." are amended and superseded by the Claim listed under the column titled "Remaining Claim Number" ("Remaining Claims").

15.      The claimants that have filed the Amended Claims are each government units asserting secured or priority status.

16.      The Amended Claims no longer represent valid Claims against the Debtors' estates. Accordingly, if the Amended Claims are not formally expunged or disallowed, the potential exists for a double recovery for the applicable claimants to the detriment of other creditors in these cases. The disallowance of the Amended Claims will also result in a more streamlined and accurate claims register.[3]

17.      This Motion does not affect the Remaining Claims listed above in Paragraph 12. In addition, to the extent the Amended Claims contain attachments that were not included with the Remaining Claim, the Liquidating Trustee does not object to the claimants relying on any such

---

[3] For the avoidance of doubt, the Liquidating Trustee reserves all rights to object in the future to the Remaining Claims, listed above in Paragraph 12, on any grounds permitted under applicable law.

attachments to prove the necessity, amount, or priority of the Remaining Claim.  The Liquidating

Trustee requests that any such attachments be deemed to be attached to the Remaining Claim.

18.     The Liquidating Trustee views this Motion as a "housekeeping" matter required by

the rules of procedure to ensure that the allowed Claims reflect the amounts that the Debtors' estate

owes.

19.     The rights of the Trust and the Liquidating Trustee to: (i) file subsequent objections

to any of the Claims on any ground (whether substantive or non-substantive); (ii) amend, modify

or supplement the Motion, including, without limitation, filing objections to further amended or

newly filed Claims; (iii) seek to expunge or reduce any Claim to the extent all or a portion of such

Claim has been paid; and (iv) settle any Claim for less than the asserted amount, are expressly

preserved.

20.     To the extent that any portion of any of the Claims are also the subject of a separate

claim objection on other grounds, whether by separate motion or through an adversary proceeding,

the Liquidating Trustee requests that any order on this Motion not affect, eliminate, or determine

those separate objections.

21.     Pursuant to Local Rule 9013-2(a), this Motion is verified and is accompanied by a

memorandum, proposed order, and proof of service.

22.     As set forth above, parties in interest are afforded the opportunity to file a response

(each, a "Response") to the relief requested in the Motion, as required by Local Rule 9013-2(b).

23.     Pursuant to Local Rule 9013-2(c), the Liquidating Trustee gives notice that if an

evidentiary hearing is held, it may, if necessary, call James Carr or James Hunt of META Advisors

LLC, whose business address is 101 Park Avenue, 30th Floor, New York, New York 10178, Dana

P. Kane, of Kelley Drye & Warren LLP, whose business address is 101 Park Avenue, New York,

6

New York 10178, and/or Matthew Diaz from FTI Consulting, Inc., whose business address is

Three Times Square, 9th Floor, New York, New York 10036, to testify as to the Debtors' books

and records.  The Liquidating Trustee reserves the right to supplement its witness list to add

additional witnesses or to expand the scope of expected testimony of identified witnesses prior to

any evidentiary hearing.

**CONCLUSION**

The Liquidating Trustee respectfully requests that the Court enter an order disallowing and

expunging the Amended Claims identified in Paragraph 12 of the Motion and granting such other

and further relief as this Court deems just and equitable.


Dated: November 15, 2018                           Respectfully Submitted,


                                                   BARNES & THORNBURG LLP

                                                   */e/ Christopher J. Knapp*
                                                   Connie A. Lahn, #0269219
                                                   Christopher Knapp, #0344412
                                                   Barnes & Thornburg LLP
                                                   2800 Capella Tower
                                                   225 South Sixth Street
                                                   Minneapolis, MN 55402-4662
                                                   Telephone:  (612) 333-2111
                                                   Facsimile:  (612) 333-6798
                                                   Connie.Lahn@btlaw.com
                                                   Christopher.Knapp@btlaw.com

                                                   --and—

LOWENSTEIN SANDLER LLP
Jeffrey Cohen
Keara M. Waldron
Scott Cargill
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402
jcohen@lowenstein.com
kwaldron@lowenstein.com
scargill@lowenstein.com

*Counsel for the Gander Mountain
Liquidating Trustee*

## VERIFICATION

I, James Hunt, on behalf of META Advisors LLC, not individually, but solely in its capacity as liquidating trustee for the Gander Mountain Liquidating Trust, have reviewed the Motion and declare, based upon (i) my personal knowledge, (ii) my review (or the review of persons under my supervision) of the books and records provided to me by the Debtors' former employees and/or the Trust's consultants, the Schedules and Statements filed in these Cases, the relevant proofs of claim, and the claims register, as well as relevant documents and other information prepared or collected by the Debtors' employees or professionals and/or the Trust's consultants and professionals, and/or (iii) my opinion based on my experience with the Debtors' operations and financial condition, that the facts set forth in the preceding Motion are true and correct to the best of my knowledge, information and belief.

Dated:  November 13, 2018                    By: _____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Jointly Administered Under<br>Case No. 17-30673 (MER) |
| Gander Mountain Company,<br>Overton's, Inc. | Case No. 17-30673<br>Case No. 17-30675 |
| Debtors. | Chapter 11 Cases |

**MEMORANDUM OF LAW IN SUPPORT OF THE LIQUIDATING TRUSTEE'S
FOURTH OMNIBUS MOTION OBJECTING TO AMENDED CLAIMS OF CERTAIN
GOVERNMENT ENTITIES**

The Liquidating Trustee objects to the Claims identified in Paragraph 12 of the Liquidating

Trustee's Fourth Omnibus Motion Objecting to Amended Claims of Certain Government Entities,

and requests that this Court enter an order disallowing and expunging the Amended Claims in their

entirety.

**BACKGROUND**

The facts in support of the relief requested are set forth in the verified Motion. All

capitalized terms have the meaning ascribed to them in the Motion.

**ARGUMENT**

A proof of claim filed in a bankruptcy proceeding is deemed allowed unless a party in

interest objects. 11 U.S.C. § 502(a); *see also Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th

Cir. 1992). If an objection is filed, the objector must come forward with evidence rebutting the

Claim. *Gran*, 964 F.2d at 827; *In re Oriental Rug Warehouse Club, Inc.*, 205 B.R. 407, 410 (Bankr.

D. Minn. 1997). If the objecting party produces such evidence, the burden of proof shifts to the

claimant to produce evidence of the validity of the Claim. *Gran*, 964 F.2d at 827; *Oriental Rug*,

1

205 B.R. at 410. "In other words, once an objection is made to the proof of claim, the ultimate

burden of persuasion as to the claim's validity and amount rests with the claimant." *Oriental Rug*,

205 B.R. at 410 (citations omitted). In making these determinations, a court looks to the governing

substantive law. *In re Ford*, 125 B.R. 735, 737 (E.D. Tex. 1991); *In re Gridley*, 149 B.R. 128, 132

(Bankr. D.S.D. 1992).

The Liquidating Trustee objects to the allowance of the Claims identified in Paragraph 12

of the Motion ("Amended Claims"), in the aggregate amount of approximately $15.8 million,

which are amended and superseded by subsequently filed proofs of claim, and therefore not

enforceable. The Liquidating Trustee has reviewed the Amended Claims and has determined that,

in Paragraph 12 of the Motion, the Claims listed under the column titled "Disallowed Claim No."

are amended and superseded by the Claims listed under the column titled "Remaining Claim

Number." If the Amended Claims are not formally expunged or disallowed, the potential exists

for a double recovery for the applicable claimants. The disallowance of the Amended Claims will

also result in a more streamlined and accurate claims register.[1] The Liquidating Trustee does not

object to the Remaining Claims listed in Paragraph 12 of the Motion.

Accordingly, the Liquidating Trustee (1) objects to the allowance of the Amended Claims

listed in Paragraph 12 of the Motion and (2) seeks entry of an order substantially in the form of

the Proposed Order disallowing and expunging in their entirety the Amended Claims under the

column headings "Disallowed Claims No."

---

[1] For the avoidance of doubt, the Liquidating Trustee reserves all rights to object in the future to
the Remaining Claims listed in Paragraph 12 of the Motion on any grounds permitted under
applicable law.

2

## SEPARATE CONTESTED MATTERS

To the extent a Response is filed regarding any individual Claim listed in the Motion and

the Liquidating Trustee is unable to resolve the Response, the Liquidating Trustee requests that

the Motion as it pertains to such Claim shall constitute a separate contested matter as contemplated

by Bankruptcy Rule 9014.  The Liquidating Trustee requests that any order entered by the Court

regarding a Response asserted in the Motion be deemed a separate order with respect to each Claim

subject thereto.

## CONCLUSION

The Liquidating Trustee respectfully requests that the Court enter an order (1) disallowing

and expunging the Amended Claims identified in Paragraph 12 of the Motion because the

Amended Claims have been amended and superseded by subsequently filed Claims, and (2)

allowing such other and further relief as is just and equitable.


Dated: November 15, 2018                         Respectfully Submitted,


                                                 BARNES & THORNBURG LLP

                                                 */e/ Christopher J. Knapp*
                                                 Connie A. Lahn, #0269219
                                                 Christopher Knapp, #0344412
                                                 Barnes & Thornburg LLP
                                                 2800 Capella Tower
                                                 225 South Sixth Street
                                                 Minneapolis, MN 55402-4662
                                                 Telephone:  (612) 333-2111
                                                 Facsimile:  (612) 333-6798
                                                 Connie.Lahn@btlaw.com
                                                 Christopher.Knapp@btlaw.com

                                                 --and--


3

LOWENSTEIN SANDLER LLP
Jeffrey Cohen
Keara M. Waldron
Scott Cargill
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402
jcohen@lowenstein.com
kwaldron@lowenstein.com
scargill@lowenstein.com

*Counsel for the Gander Mountain
Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Jointly Administered Under<br>Case No. 17-30673 (MER) |
| Gander Mountain Company,<br>Overton's, Inc. | Case No. 17-30673<br>Case No. 17-30675 |
| Debtors. | Chapter 11 Cases |

---

**ORDER GRANTING THE LIQUIDATING TRUSTEE'S
FOURTH OMNIBUS MOTION OBJECTING TO THE
AMENDED CLAIMS OF CERTAIN GOVERNMENT ENTITIES**

---

This matter is before the Court on the Liquidating Trustee's Motion ("Motion") Objecting

to Amended Claims of Certain Government Entities.  Based on the Motion and the documents of

record herein,

IT IS ORDERED:

1.      The Motion is granted.

2.      The Claims identified in the following chart, under the column "Disallowed Claim

No." ("Amended Claims"), are hereby disallowed and expunged in their entirety:

| Claimant Name | Remaining Claim No. | Remaining Claim Amount | Remaining Claim Classification | Disallowed Claim No. | Disallowed Claim Amount | Disallowed Claim Classification |
|---|---|---|---|---|---|---|
| AL- DEPT OF REVENUE | 178.2 | $53.14 | Priority | 178.1 | $53.14 | Priority |
| CO- DEPT OF REVENUE | 134.2 | $4,353.00 | Priority | 134.1 | $5,560.00 | Priority |
| CO – DOUGLAS COUNTY TREASURER | 391.2 | $9,032.57 | Secured | 391.1 | $9,483.86 | Secured |
| FL- ESCAMBIA COUNTY TAX COLLECTOR | 331.2 | $14,294.53 | Secured | 331.1 | $19,177.36 | Secured |
| GA- COLUMBIA COUNTY TAX COMMISSIONERS OFFICE | 15358.2 | $40,559.03 | Priority | 15358.1 | $39,107.18 | Priority |
| GA- COWETA COUNTY | 174.2 | $85,225.23 | Priority | 174.1 | $43,586.51 | Priority |
| MN- DEPT OF REVENUE | 15471.2 | $272,910.06 | Priority | 15471.1 | $369,565.48 | Priority |
| NC- IREDELL COUNTY TAX COLLECTOR | 247.2 | $14,302.52 | Secured | 247.1 | $16,548.78 | Secured |
| NY- DEPT OF TAXATION AND FINANCE | 512.3 | $4,015,483.30 | Priority | 512.2 | $3,259,857.24 | Priority |

5

| | | | | | | |
|---|---|---|---|---|---|---|
| NY – DEPT OF TAXATION AND FINANCE | 512.3 | $4,015,483.30 | Priority | 512.1 | $3,259,855.58 | Priority |
| OH- BUREAU OF WORKERS COMPENSATION | 529.2 | $34,226.81 | Priority | 529.1 | $32,015.16 | Priority |
| PA- DEPT OF REVENUE | 121.4 | $1,781,513.89 | Priority | 121.3 | $2,033,931.27 | Priority |
| PA- DEPT OF REVENUE | 121.4 | $1,781,513.89 | Priority | 121.2 | $633,931.27 | Priority |
| PA- DEPT OF REVENUE | 121.4 | $1,781,513.89 | Priority | 121.1 | $233,931.27 | Priority |
| TX- BEXAR COUNTY | 193.3 | $124,395.98 | Secured | 193.2 | $96,996.79 | Secured |
| TX- BEXAR COUNTY | 193.3 | $124,395.98 | Secured | 193.1 | $236,780.24 | Secured |
| TX- BOWIE CENTRAL APPRAISAL DISTRICT | 55.2 | $258,090.72 | Secured | 55.1 | $417,633.08 | Secured |
| TX- CITY OF EL PASO | 185.3 | $144,141.45 | Secured | 185.2 | $95,321.37 | Secured |
| TX- CITY OF EL PASO | 185.3 | $144,141.45 | Secured | 185.1 | $240,217.75 | Secured |
| TX- CITY OF WACO OR WACO ISD | 58.3 | $81,255.25 | Secured | 58.1 | $199,710.58 | Secured |
| TX – COMPTROLLER OF PUBLIC ACCOUNTS | 20987.2 | $231,424.68 | Priority | 20987.1 | $441,367.51 | Priority |
| TX – COMPTROLLER OF PUBLIC ACCOUNTS | 468.2 | $425,180.86 | Priority | 468.1 | $691,773.32 | Priority |
| TX- CYPRESS FAIRBANKS ISD | 144.3 | $107,687.62 | Secured | 144.2 | $82,370.12 | Secured |
| TX- CYPRESS FAIRBANKS ISD | 144.3 | $107,687.62 | Secured | 144.1 | $208,291.91 | Secured |
| TX- DALLAS COUNTY | 190.2 | 24,456.46 | Secured | 190.1 | $46,429.29 | Secured |
| TX- FORT BEND CO LID #10 | 179.3 | $32,802.62 | Secured | 179.2 | $25,253.12 | Secured |
| TX- FORT BEND CO LID #10 | 179.3 | $32,802.62 | Secured | 179.1 | $52,779.02 | Secured |
| TX- FORT BEND CO | 186.3 | $103,478.93 | Secured | 186.2 | $70,192.60 | Secured |
| TX- FORT BEND CO | 186.3 | $103,478.93 | Secured | 186.1 | $178,939.73 | Secured |
| TX- GRAYSON COUNTY | 197.2 | $117,297.59 | Secured | 197.1 | $199,369.19 | Secured |
| TX- HARRIS COUNTY ET AL | 187.4 | $161,322.22 | Secured | 187.3 | $154,772.56 | Secured |
| TX- HARRIS COUNTY ET AL | 187.4 | $161,322.22 | Secured | 187.2 | $372,354.09 | Secured |
| TX- HARRIS COUNTY ET AL | 187.4 | $161,322.22 | Secured | 187.1 | $372,335.55 | Secured |
| TX- LEWISVILLE ISD | 303.2 | $80,563.55 | Secured | 303.1 | $126,409.78 | Secured |
| TX- LUBBOCK CENTRAL APPRAISAL DIST | 9.2 | $105,563.09 | Secured | 9.1 | $222,986.31 | Secured |
| TX- MCLENNAN COUNTY | 302.2 | $24,369.18 | Secured | 302.1 | $60,424.26 | Secured |
| TX- SMITH COUNTY | 192.2 | $69,278.02 | Secured | 192.1 | $144,788.01 | Secured |
| TX- TARRANT COUNTY | 191.2 | $178,511.60 | Secured | 191.1 | 355,400.38 | Secured |
| TX- TAXING DISTRICT COLLECTED BY POTTER CTY | 189.2 | $22,457.33 | Secured | 189.1 | $49,737.79 | Secured |
| TX- TAXING DISTRICT COLLECTED BY RANDALL CTY | 53.2 | $41,065.16 | Secured | 53.1 | $92,905.06 | Secured |
| TX- TRAVIS COUNTY | 14386.2 | $216,724.89 | Secured | 14386.1 | $208,495.95 | Secured |
| VA- COUNTY OF ALBEMARLE | 403.2 | $6,398.18 | Priority | 403.1 | $6,340.06 | Priority |
| VA- PRINCE WILLIAM COUNTY | 18156.2 | $35,562.12 | Priority | 18156.1 | $40,323.12 | Priority |
| WI – DEPT OF REVENUE | 20733.2 | $131,111.68 | Priority | 20733.1 | $393,748.36 | Priority |

3.      The rights of the Trust and the Liquidating Trustee to: (i) file subsequent objections to any of the Amended Claims on any ground (substantive or non-substantive); (ii) amend, modify or supplement the Motion, including, without limitation, filing objections to further amended or newly filed Claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such Claim has been paid; and (iv) settle any Claim for less than the asserted amount, are expressly preserved.  Additionally, should the grounds of objection stated in the Motion be overruled, the Liquidating Trustee's rights to object to the Amended Claims on any other grounds are preserved.

4.      To the extent that the Amended Claims are also the subject of a separate claim

objection, or become subjection to a separate claim objection, on other grounds, whether by

separate motion or through an adversary proceeding, this Order does not affect, eliminate, or

determine those separate objections.

5.      For the avoidance of doubt, nothing in the Motion or this Order impacts in any way

the Liquidating Trustee's pending objection to any Claim under section 502(d) of the Bankruptcy

Code included in any complaint filed pursuant to section 5 of the Bankruptcy Code.

6.      The objection to each Claim, as addressed in the Motion and as set forth in the chart

above, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This

Order shall be deemed a separate order with respect to each such Claim that is the subject of the

Motion.  Any stay of this Order pending appeal by any claimants whose Claims are subject to this

Order shall only apply to the contested matter that involves such claimant and shall not act to stay

the applicability and/or finality of this Order with respect to any other contested matters addressed

in the Motion and this Order.

7.      The Trust and the Liquidating Trustee are authorized to take any and all actions that

are necessary and appropriate to give effect to this Order.

8.      This Court shall retain jurisdiction over all matters arising from or related to the

interpretation and implementation of this Order.


Dated: _____, 2018.            _____
                                         Judge Michael E. Ridgway
                                         United States Bankruptcy Judge


7